UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AN JANI PETTY, J.P., and R.P., <br><br> Plaintiffs, <br><br> v. <br><br> TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, et al., <br><br> Defendants. | Case No. 3:19-cv-01085 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

This civil rights action under 42 U.S.C. § 1983 arises out of the removal of pro se Plaintiff An Jani Petty's children from her custody by Defendant the Tennessee Department of Children's Services (DCS) based on statements made by Defendant Knokeya Johnson, a DCS employee. (Doc. No. 1.) Petty alleges violations of her civil and constitutional rights.[1] DCS and

---

[1] It appears that Petty, who does not allege that she is an attorney, also intends to bring this action on behalf of her two minor children. While 28 U.S.C. § 1654 permits individuals to "plead and conduct their own cases personally," without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third person. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) (adopting report & recommendation) ("The federal courts have long held that Section 1654 preserves a party's right to proceed pro se, but only on his own claims; only a licensed attorney may represent other persons."). Thus, although a parent may bring suit on behalf of a minor child, he or she may not do so pro se—that is, the parent can only bring suit on behalf of the minor child through an attorney. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."). Therefore, Petty may not bring claims on behalf of her minor children unless they are represented by an attorney. Because no attorney has appeared on the children's behalf, their claims will be dismissed without prejudice.

1

Johnson have filed a motion to dismiss Petty's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6). (Doc. No. 5.) The defendants argue that Petty's complaint should be dismissed because (1) the Court lacks subject matter jurisdiction under the Eleventh Amendment, (2) Petty failed to effect service of process within ninety days of filing her complaint in violation of Fed. R. Civ. P. 4(m), and (3) Petty's claims are untimely and fail to state any claims for which relief can be granted. (Doc. Nos. 5–6.) Petty has responded in opposition to the motion to dismiss. (Doc. No. 9.) For the reasons that follow, the Magistrate Judge will recommend that the defendants' motion to dismiss be granted and this action be dismissed with prejudice.

**I.      Factual and Procedural Background**[2]

Petty filed this action on December 6, 2019, bringing claims under § 1983 arising out of her children being taken into custody by DCS on October 17, 2018. (Doc. No. 1.) Petty's complaint alleges that Knokeya Johnson, a DCS employee, "stereotyped" her and made "false statements" in order to justify taking custody of her children. (*Id.*) Specifically, Petty alleges that Johnson "lied in the petition" for custody that Petty "was under the influence of alcohol" in order to get her children "into custody due to their big bonus of taking children in." (*Id.*) Petty sues Johnson in her official capacity and seeks $150,000.00 in damages. (*Id.*)

On May 8, 2020, DCS and Johnson filed a motion to dismiss, arguing that the Court lacks subject matter jurisdiction over Petty's claims under Rule 12(b)(1) because the Eleventh Amendment bars suits for money damages against a state, its agencies, and its officials sued in their official capacities, and that Petty's claims should also be dismissed under Rule 12(b)(6)

---

[2]      The facts in this section are drawn from Petty's complaint (Doc. No. 1) and taken as true for purposes of resolving the pending motion to dismiss.

**2**

because her claims are barred by the applicable the statute of limitations and do not allege sufficient facts to be found plausible. (Doc. No. 6.) DCS and Johnson further assert under Rule 12(b)(5) that Petty's complaint should be dismissed without prejudice for failure to effect timely service of process. (*Id.*)

On May 26, 2020, Petty filed a response in the form of a letter. (Doc. No. 9.) In her response, Petty restates that, in October 2018, her children "were taken into custody due to Knokeya Johnson stating in [a] petition that she smelled 'alcohol' on my person, accusing me of drinking alcohol." (*Id.*) Petty states that "it took [her] a while to file suit" because she had been demoted and eventually fired from her job and that "money was less and shifting." (*Id.*) As to service of process, Petty states that "the green card is still in Nashville at the mailing distribution center," and that she has "nothing to do with how things are mailed." (*Id.*)

## II.  Legal Standards

### A.  Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are "courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's constitutional or statutory power to hear the case before it. Fed. R. Civ. P. 12(b)(1); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851 (W.D. Ky. 2007). Such a challenge can come in two forms. A facial attack accepts the material allegations of the complaint as true but insists nonetheless that the court lacks subject matter jurisdiction to hear the case. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). A factual attack claims that the court lacks subject matter jurisdiction irrespective of what the plaintiff has pleaded, and requires the trial court to

weigh the evidence before it in determining whether that is the case. *Id*. "A state's assertion of sovereign immunity constitutes a factual attack." *Hornberger v. Tennessee*, 782 F. Supp. 2d 561, 564 (M.D. Tenn. 2011). In response to such an attack, the plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *DLX, Inc.*, 381 F.3d at 516. In ruling on a factual attack, the trial court may rely on materials outside the pleadings without converting the 12(b)(1) motion into one for summary judgment. *Cline v. United States*, 13 F. Supp. 3d 868, 871 (M.D. Tenn. 2014).

### B.  Dismissal for Failure to State a Claim

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked

**4**

assertions devoid of further factual enhancement." *Id*. (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Because Petty proceeds pro se, the Court construes her filings "liberally" and holds her complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. Dismissal for Insufficient Service of Process

Service of process must comply with Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4. When it does not, a defendant may move to dismiss based on insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5). "[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of

5

the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662‑63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

### III.    Analysis

#### A.    Eleventh Amendment

An analysis of a Rule 12(b)(6) motion to dismiss for failure to state a claim is only properly undertaken when the court is satisfied that it has jurisdiction over the action. *Bell v. Hood*, 327 U.S. 678, 682 (1946). DCS and Johnson state that Petty's claims against them are barred by sovereign immunity under the Eleventh Amendment. Because the Eleventh Amendment is "a true jurisdictional bar," the defendants' sovereign immunity defense must be analyzed before their Rule 12(b)(6) motion. *Russell v. Lundergran*, 784 F.3d 1037, 1046 (6th Cir. 2015).

"The Eleventh Amendment to the United States Constitution bars suits by private individuals against nonconsenting states in federal court, unless Congress has validly abrogated the state's immunity, or the state has waived its immunity." *Henderson v. Sw. Tenn. Cmty. Coll.*, 282 F. Supp. 2d 804, 806 (W.D. Tenn. 2003) (footnote omitted). It is well established that Congress did not intend to abrogate Eleventh Amendment immunity for suits under 42 U.S.C. § 1983. *See Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (collecting cases). Nor has Tennessee consented to suit under Section 1983, either "expressly or by implication." *Berndt*, 796 F.2d at 881; Tenn. Code. Ann. § 20-13-102(a). An entity that is an "arm of the state," rather than a "political subdivision" (like a city), is treated as an extension of the state and can therefore invoke the defense of sovereign immunity. *Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). So, too, can a state official who is sued in her official capacity, because such a suit "is not a suit against the official but rather is a suit against

the official's office" and therefore "no different from a suit against the State itself." *Will*, 491 U.S. at 71 (internal citations omitted); *see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) (explaining that, typically, a "judgment against a public servant 'in [her] official capacity' imposes liability on the entity that [she] represents . . ."). Thus, neither a State, nor a state official sued in her official capacity for damages, is a "person" subject to suit under § 1983. 42 U.S.C. § 1983 ("Every *person* who, under color of" law, violates another's federal rights, "shall be liable to the party injured in an action at law . . .") (emphasis added); *Will*, 491 U.S. at 64, 71.

DCS is an agency of the State of Tennessee, *see Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (finding that "the Tennessee Department of Children's Services" is "the State" for purposes of the sovereign immunity analysis); therefore, any claims against DCS and its employees in their official capacities for monetary damages are claims against the State and are barred by the Eleventh Amendment. Accordingly, Petty's claims under Section 1983 for monetary damages against DCS and Johnson in her official capacity are barred by the Eleventh Amendment.

### B. Statute of Limitations

Where a statute of limitations defense is established by the allegations of the complaint, dismissal for failure to state a claim is appropriate. As the Sixth Circuit has explained,

> The statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement *of the claim*" (emphasis added)); *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate. *See Jones*, 549 U.S. at 215, 127 S. Ct. 910 ("If the allegations . . .

> show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *accord Jelletich v. Pawlawski*, No. 5:14-CV-00017, 2014 WL 5782549, at *3 (W.D. Ky. Nov. 6, 2014) ("Although Rule 12(b) does not specifically address motions to dismiss based on the alleged expiration of the applicable statute of limitations, a complaint that shows on its face that relief is barred by the affirmative defense of the statute of limitations is properly subject to a Rule 12(b)(6) motion to dismiss[.]").

DCS and Johnson assert, and Petty does not dispute, that all of Petty's claims are subject to a one-year limitations period. Actions brought under 42 U.S.C. § 1983 "are governed by the state-law statute of limitations for personal-injury torts." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, actions for "injuries to the person" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). The date a claim accrues is not necessarily determined by when the injury occurred. The question of when the cause of action accrues—and, thus, when the statute begins to run—is "governed by federal rules conforming in general to common-law tort principles." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Howell*, 655 F. App'x at 351.

Under federal law, ordinarily, the statute of limitations for a § 1983 action begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson*, 510 F.3d at 635; *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). In determining when the cause of action accrues in Section 1983 actions, the Sixth Circuit has "'looked to what event should have alerted the typical lay person to protect his or her rights.'" *Id.* (citation omitted). "When a cause of action involves the wrongful removal of [a] child, the Sixth

**9**

Circuit has stated that '[t]he precipitating event . . . [is] defendants' initial removal of [the child] from [the parent's] custody. . . [because] [a]t the time of the initial removal, plaintiff knew of the injury which is the basis of [the] claim.'" *Turner v. Lowen*, No. 3:18-CV-00721, 2019 WL 4820519, at *14 n.11 (M.D. Tenn. Oct. 1, 2019), *aff'd*, 823 F. App'x 311 (6th Cir. 2020) (quoting *Eidson*, 510 F.3d at 635); *see also Jackson v. Nix*, 477 F. Supp. 2d 918, 921 (M.D. Tenn. 2007) ("The statute of limitations began to run . . . when the minor child was taken from Plaintiff's custody and Plaintiff knew or had reason to know of the alleged injuries that form[ed] the basis of th[e] suit.").

Here, Petty alleges that her children were removed from her custody on October 17, 2018. She filed suit in this Court on December 6, 2019, more than a year after her children were removed from her custody. Accordingly, because the allegations in the complaint affirmatively show that Petty's claims are untimely, dismissal is also appropriate under Rule 12(b)(6). *See Cataldo*, 676 F.3d at 547.[3]

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court GRANT Defendant DCS and Johnson's motion to dismiss (Doc. No. 5).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir.

---

[3] Given its finding of jurisdictional and statute-of-limitations bars to Petty's claims, the Court need not reach DCS and Johnson's alternative arguments that Petty's complaint should be dismissed for failure to allege sufficient facts to state a plausible claim or that it should be dismissed for failure to effect service of process.

**10**

2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 3rd day of February, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge